**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LAUREL A. SANCHEZ,**
     **Plaintiff,**

**-vs-**              **Case No. 6:11-cv-1916-Orl-28GJK**

**SALLIE MAE, INC., EDUCATIONAL**
**CREDIT MANAGEMENT**
**CORPORATION,**
     **Defendants.**

_____

## ORDER

Plaintiff initiated this lawsuit by filing a Complaint in state court on October 12, 2011. (Compl., Doc. 3). Defendants removed the case to this Court on November 30, 2011. (Notice of Removal, Doc. 1). The case is now before the Court on Plaintiff's Motion to Remand (Doc. 7) and the Memorandum in Opposition (Doc. 10) filed by Defendant Educational Credit Management Corporation ("ECMC").

Plaintiff brings one claim in her Complaint—a claim that Defendants harassed her in connection with collection of a consumer debt in violation of the Florida Consumer Collection Practices Act ("FCCPA"). She argues in her motion to remand that this case was improvidently removed and that there is no federal subject matter jurisdiction because she does not allege a federal claim in her Complaint. ECMC argues that the case presents a substantial federal question because the student loans at issue, as well as attempts to collect on them, are governed exclusively by the Higher Education Act ("HEA"), 20 U.S.C. § 1070 et seq.

Plaintiff has submitted as supplemental authority a recent ruling by another judge in this district on the same issue in the case of Garrett v. Sallie Mae, Inc., Case No. 8:11-cv-2287-T-24-MAP. (Order filed Jan. 9, 2012, Attach. to Doc. 17). I agree with the analysis and conclusion of the Order entered in Garrett.[1]  Although ECMC may ultimately have a meritorious defensive preemption argument in state court, federal question jurisdiction has not been established.  Thus, Plaintiff's motion to remand is well-taken.  Additionally, Plaintiff's request for attorney's fees is due to be denied for the same reasons that the Garrett plaintiff's request was denied as stated in that Order.[2]

Accordingly, it is **ORDERED** and **ADJUDGED** that Plaintiff's Motion to Remand (Doc. 7) is **GRANTED** insofar as it seeks remand and **DENIED** insofar as it seeks attorney's fees. This case is hereby **REMANDED** to the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida, Case No. 01-CA-3931-11-G.  The Clerk shall close this file.

**DONE** and **ORDERED** in Orlando, Florida this 2nd day of May, 2012.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party
Clerk of the Circuit Court, Eighteenth Judicial Circuit in and for Seminole County, Florida

---

[1] As noted by ECMC in its response memorandum, "[t]he Plaintiff's Motion to Remand in this case, and this Memorandum in Opposition, are substantially similar (and often identical) to the pleadings filed in the *Garrett* case." (Doc. 10 at 2 n.2).

[2] Because the Garrett order is already a part of the record in this case, it will not be attached to this Order.